USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/18/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
AWILDA APONTE et al.,                                             :
                                                                  :
                              Plaintiffs,                         :     13 Civ. 569 (JMF)
                                                                  :
       -v-                                                        :     MEMORANDUM
                                                                  :     OPINION AND ORDER
LIGGETT GROUP et al.,                                             :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Individually and on behalf of decedent Jesus Aponte, Awilda Aponte and Mercedes Aponte (together "Plaintiffs") bring this action *pro se* against Liggett Group, Inc. and Lorillard Tobacco Company[1] (together, "Defendants") to recover money damages in connection with Jesus Aponte's death from lung cancer and its complications, which Plaintiffs attribute to his life-long cigarette use. (Second Am. Compl. (Docket No. 27) ("SAC") § 6, ¶¶ 1-2, 6; § 7, ¶¶ 1, 7). On January 25, 2013, Plaintiffs filed the action (Docket No. 1) and, on May 10, 2013, Defendants moved to dismiss the Complaint on the ground that Plaintiffs lacked authority to sue on Jesus Aponte's behalf as they had not obtained the requisite Letters of Administration (Docket No. 10). On July 11, 2013, Awilda Aponte obtained a Letter of Temporary Administration and was thus appointed the administrator of decedent's estate. (Decl. Jason A. Scurti (Docket No. 30) ("Scurti Decl."), Ex. B). Eleven days later, Plaintiffs filed the Second Amended Complaint. (*See*

---

[1] The original complaint erroneously refers to Defendants as "Liggett Group" and "Lorillard." (Docket No. 1). The Second Amended Complaint refers to them as "Liggett Group Inc" and "Lorillard Tobacco." (Docket No. 27).

SAC).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants now move to dismiss that complaint.  (Docket Nos. 29, 34).  For two reasons, Defendants' motion must be, and is, GRANTED.

First, Plaintiffs' complaint must be dismissed because they are not permitted to proceed *pro se* under the circumstances.  It is well settled that a *pro se* litigant cannot represent the interests of others.  *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person cannot appear on another's behalf in the other's cause."). Applying that principle, the Second Circuit has held that the administrator of an estate may proceed *pro se* only if the estate has no other beneficiaries and no creditors.  *Compare Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010), *with Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  Here, there is no dispute that, at the time Plaintiffs filed the Second Amended Complaint, there were multiple beneficiaries of the estate that Awilde Aponte purported to represent.  (Scurti Decl., Ex. B at 4 (listing, on July 2, 2013, Mercedes, Maria, Iris, and Awilda Aponte as beneficiaries)). And although the other beneficiaries attempted to renounce their interests in the estate after Defendants filed the present motion to dismiss (*see* Mercedes Aponte Aff. (Docket No. 38); Maria Aponte Aff. (Docket No. 40); Iris Aponte Aff. (Docket No. 41)), those renunciations were not valid under New York state law because they were untimely and because there is no evidence that they are irrevocable.  *See* N.Y. Est. Powers & Trusts Law § 2-1.11.  Accordingly, Plaintiffs may not proceed *pro se*, and the case must be dismissed.

Second, and in any event, the Second Amended Complaint was untimely. Liberally construed, the Second Amended Complaint seeks damages for decedents'

injuries and death under products liability, fraud, and negligence theories.  (*See* SAC § 8). Under New York law, which applies here, the statute of limitations for such claims is three years from the date of accrual, *see* N.Y. C.P.L.R. 214 (stating that "an action to recover damages for a personal injury," except as provided in other provisions, "must be commenced within three years"), defined as "when the injury occurs," *Spigner v. City of New York*, No. 94 Civ. 8015 (MBM), 1995 WL 747813, at *2 (S.D.N.Y. Dec. 18, 1995). In this case, therefore, the statute of limitations began to run no later than January 26, 2010, when Jesus Aponte was diagnosed with lung cancer.  (SAC § 6, ¶ 1).  *See, e.g.*, *Frankson v. Brown & Williamson Tobacco Corp.*, 781 N.Y.S.2d 427, 429 (Sup. Ct. 2004), *order aff'd as modified on other grounds*, 818 N.Y.S.2d 772 (2d Dep't 2006); *Karp v. Liggett & Myers Tobacco Co.*, 336 N.Y.S.2d 101, 102 (1st Dep't 1972) (per curiam); *see also Grill v. Philip Morris USA, Inc.*, 653 F. Supp. 2d 481, 485-86 (S.D.N.Y. 2009).  Yet Plaintiffs did not file the Second Amended Complaint until July 22, 2013, more than three years after their claims accrued.  And while the initial complaint was filed on January 25, 2013, just within the three-year period, New York law is clear that that complaint is a legal nullity, and the present claims do not relate back to it, because Plaintiffs lacked the legal capacity to bring suit at that time.  *See Goldberg v. Camp Mikan-Recro*, 42 N.Y.2d 1029 (1977).[2]

---

[2] In their opposition papers, Plaintiffs insist that their "claim for wrongful death and . . . derivative claims . . . included in the [Second] Amended Complaint" are not time-barred because they filed the Second Amended Complaint within two years of Jesus Aponte's death.  (Pls.' Mem. Law Opp'n (Docket No. 39) § 2, ¶ 3).  Plaintiffs are correct that New York law generally requires that a wrongful death action be commenced within two years of the date of death, *see* N.Y. Est. Powers & Trusts Law § 5-4.1, and that the Second Amended Complaint was filed exactly two years after decedent's death on July 22, 2011 (SAC § 6, ¶ 6).  But the Second Amended Complaint does not contain a plausible claim for wrongful death, substantially for the reasons set forth in Defendants'

For the foregoing reasons, the Court is compelled to GRANT Defendants' motion to dismiss, and the Second Amended Complaint is dismissed. The Clerk of Court is directed to terminate Docket No. 29, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

SO ORDERED.

Dated: March 18, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

reply memorandum of law. (Defs.' Reply Mem. Law (Docket No. 42) 8 n.4). Any wrongful death claim would also fail as it is derivative of the claims that must be dismissed for the reasons stated above. *See, e.g.*, *Grill*, 653 F. Supp. 2d at 497-98.