USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/23/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
AWILDA APONTE et al.,                                                  :
:
                       Plaintiffs,                             :        13 Civ. 569 (JMF)
:
      -v-                                                            :        MEMORANDUM OPINION
:              AND ORDER
LIGGETT GROUP et al.,                                                  :
:
                       Defendants.                            :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On March 18, 2014, the Court issued a Memorandum and Order granting Defendants' motion to dismiss.  (Docket No. 48).  On March 24, 2014, the Clerk of Court sent Plaintiffs a notice of the right to appeal (the "Notice"), which advised them that, in accordance with Federal Rule of Appellate Procedure 4(a), "[they] must file [their] notice of appeal in this Court within 30 days after the judgment or order that [they] wish to appeal [wa]s entered on the Court's docket."  (Docket No. 49).  The Notice informed Plaintiffs that if they were unable to meet that deadline, "[they] may make a motion for an extension of time . . . within 60 days from the date of entry of the judgment."  (*Id.*).  The Notice included a blank notice-of-appeal form, and specifically advised Plaintiffs that "the notice of appeal is a *one-page* document containing your name, a description of the final order or judgment (or part thereof) being appealed, and the name of the court to which the appeal is taken (the Second Circuit) — it *does not* include your reasons or grounds for the appeal."  (*Id.*).  Plaintiffs, however, did not file a notice of appeal by the deadline.  Instead, on May 16, 2014, Plaintiffs filed a motion for an extension of time to file a notice of appeal.  (Docket No. 50).

It is well established that "[t]he requirement of a timely filing of a notice of appeal is mandatory and jurisdictional," *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam), and that "the power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed," *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000). Under Rule 4(a)(5)(A), a district court "may extend the time to file a notice of appeal," but only if (1) the "party so moves no later than 30 days after" the deadline under Rule 4(a) and (2) the "party shows excusable neglect or good cause." In assessing excusable neglect in this context, a court must consider four factors: "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd.*, 507 U.S. 380, 395 (1993)). The Second Circuit, however, has "taken a hard line" with respect to the excusable-neglect standard, stating that "despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor." *Id.* at 366, 368; *see also, e.g.*, *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (stating that the other three factors "are significant only in close cases"). Further, in assessing the third factor, the Court has emphasized that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose." *Silivanch*, 333 F.3d at 366-67 (internal quotation marks and alterations omitted).

Applying those standards here, Plaintiffs' motion must be denied. Plaintiffs' sole

2

explanation for their failure to timely file a notice of appeal is that they are *pro se* and, given the "complicated" issues in this case, needed time to "research" and "prepar[e] their respective documents to submit to the Court on appeal." (Docket No. 50).  That explanation, however, does not amount to good cause, which "applies where there is no fault attributable to the movant." *Ekberg v. City of Burlington*, 1:08-CV-219, 2009 WL 2578961, at *1 (D. Vt. Aug. 19, 2009). Nor does it constitute excusable neglect.  *See id.* at *1-2 (denying a *pro se* plaintiff's motion to extend the deadline to file a notice of appeal).  Here, as in *Ekberg*, "the Court notified [Plaintiffs] of [the] appeal deadline." *Id.* at *2.  Moreover, "[e]ven absent the Court's notification, the rules governing the appeal period and the computation of time are clear." *Id.* (citing Fed. R. App. P. 4(a)(1)).  In addition, the Notice included a blank notice-of-appeal form, and unambiguously advised Plaintiffs that "the notice of appeal is a *one-page* document" calling for only basic information, and "*does not*" require the appealing party to specify its "reasons or grounds for the appeal." (Docket No. 49).  Thus, Plaintiffs' claim that they needed time to "research" and "prepar[e]" their documents for appeal does not constitute excusable neglect.

It is true that a party's "*pro se* status is relevant in determining whether there has been excusable neglect." *Ekberg*, 2009 WL 2578961, at *2 (internal quotation marks omitted).  At the same time, proceeding *pro se* "does not by itself excuse a litigant from complying with procedural rules." *Id.* (internal quotation marks omitted).  Given that, and given that the "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect," *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997); *see also Silivanch*, 333 F.3d at 369 (stating, albeit in a counseled case, that the excusable-neglect standard "can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules" (internal quotation marks omitted); *Edwards v. INS*, 59 F.3d 5, 8

3

(2d Cir. 1995) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules . . . ."), Plaintiffs have not satisfied their burden under Rule 4(a)(5).  *Cf. Redhead v. Conference of Seventh-Day Adventists*, 360 F. App'x 232, 234-35 (2d Cir. 2010) (summary order) (affirming denial of a motion for an extension of time to file a notice of appeal, stating that "plaintiff's counsel's blunder — even if an honest mistake — would not have substantiated 'excusable neglect,' because the rule governing the grant of an extension to file a notice of appeal is unambiguous").

    For the foregoing reasons, Plaintiffs' motion for an extension of time to file a notice of appeal is DENIED.  The Clerk of Court is directed to terminate Docket Number 50 and to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

    SO ORDERED.

Dated: May 23, 2014
       New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge